IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN ROACH                                                                                           PLAINTIFF
*On behalf of*
D.P.R., A MINOR

vs.                                       Civil No. 6:12-cv-06056

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

John Roach ("Plaintiff") brings this action on behalf of D.P.R., a minor, pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying D.P.R.'s application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed an SSI application on behalf of D.P.R. on June 18, 2009. (Tr. 8, 94). With this application, Plaintiff alleges D.P.R. is disabled due to a left club foot. (Tr. 112). Plaintiff alleges D.P.R.'s onset date was May 6, 1998. (Tr. 112). This application was denied initially and again upon reconsideration. (Tr. 47-48). Thereafter, Plaintiff requested an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

administrative hearing on D.P.R.'s application, and this hearing request was granted. (Tr. 61-63). An administrative hearing was held on August 27, 2010 in Hot Springs, Arkansas. (Tr. 20-46). Plaintiff was present and was represented by Sherri Arman McDonough at this hearing. *Id.* Plaintiff and Plaintiff's wife (D.P.R.'s mother) testified at the hearing in this matter. *Id.*

On November 16, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI on behalf of D.P.R. (Tr. 8-19). In this decision, the ALJ determined D.P.R. was born on May 4, 1998 and was a school-aged child on the date his application was filed and was currently a school-aged child. (Tr. 11, Finding 1). The ALJ determined D.P.R. had not engaged in Substantial Gainful Activity ("SGA") since his application date. (Tr. 11, Finding 2). The ALJ determined D.P.R. had the following severe impairments: left club foot (status post surgery) and depressive disorder. (Tr. 11, Finding 3). The ALJ also determined, however, that none of D.P.R.'s impairments met, medically equaled, or were functionally equivalent to the Listing of Impairments in Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 11-19, Findings 4-5).

In assessing whether D.P.R.'s impairments were functionally equivalent to the Listings, the ALJ assessed six domains of functioning. (Tr. 11-19, Finding 5). Specifically, the ALJ determined D.P.R. had the following limitations in the six domains of functioning: (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) less than marked limitation in moving about and manipulating objects; (5) no limitation in the ability to care for himself; and (6) less than marked limitation in health and physical well-being. *Id.* Based upon these findings, the ALJ determined D.P.R. had not been under a disability, as defined by the Act, at any time from the date Plaintiff's application was filed through the date of his decision. (Tr. 19,

Finding 6).

Thereafter, on December 1, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4). On February 27, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On April 23, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 17, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10-11. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

In this case, Plaintiff is seeking disability benefits on behalf of a minor child. On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law No. 104-193, 110 Stat. 2105 (1996) (codified at 42 U.S.C. § 1382c(a)(3)(C)),

3

which provided a more stringent standard for determining eligibility for Title XVI childhood disability benefits than the old law and prior regulations required. *See Rucker v. Apfel*, 141 F.3d 1256, 1259 (8th Cir. 1998); 142 Cong. Rec. H8913; H.R. Conf. Rep. No. 725, 104th Cong. 2d Sess. 328 (1996), reprinted in 1996 U.S. Code, Cong. and Ad. News 2649, 2716; Federal Register, Vol. 62, No. 28, p. 6409.

Among other things, the new law amended Section 1614(a)(3) of the Act, 42 U.S.C. § 1382c(a)(3), and changed the statutory definition of disability for individuals under age eighteen (18) under the SSI program. Under the new standard, a child is entitled to disability benefits only if he or she has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* Pub. L. No. 104-193 § 211(a)(4)(c); 20 C.F.R. § 416.906. The new standard applies to all applicants who filed claims on or after August 22, 1996, or whose claims had not been finally adjudicated by August 22, 1996. Since Plaintiff filed her application in 2012, the new law applies.

Under the new law, the ALJ's disability determination is based upon a three-step analysis. *See* 20 C.F.R. § 416.924. First, the ALJ must determine whether the minor child has engaged in substantial gainful activity. If not, the ALJ will proceed to the second step where the ALJ must consider whether the child has a severe impairment. If a severe impairment is found, the ALJ will proceed to the third step. At this step, the ALJ, must consider whether the impairment meets, or is medically or functionally equivalent, to a disability listing in the Listing of Impairments ("Listings"), *See* 20 C.F.R. pt. 404, subpt. P, app. 1. A minor child may be disabled if his or her impairment is functionally equivalent to a disability listing, even if the minor child's impairment does not meet the

standard requirements for a disability listing. *See* 20 C.F.R. § 416.924(d)(1).

A single method is provided for evaluating whether an impairment is "functionally equivalent" to a disability listing, based upon six domains of functioning. The six domains are the following: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If the minor child claiming benefits has "marked" limitations in two of these domains or an "extreme" limitation in one of these domains, then the child's impairment is functionally equivalent to a disability listing. *See id.* § 416.926a(a); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir. 2005).

A "marked" limitation is a limitation that is "more than moderate" and "less than extreme." *See id.* § 416.926a(e); *Lehnartz v. Barnhart,* No. 04-3818, 2005 WL 1767944, at *3 (8th Cir. July 27, 2005) (unpublished). A marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). An "extreme" limitation is more than "marked" and exists when a child's impairment(s) interferes very seriously with his or her ability to independently initiate, sustain or complete activities. *See id.* "Extreme" limitation is the rating the Commissioner gives to the most serious limitations. *See id.*

**3.    Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in finding D.P.R.'s impairments did not meet the requirements of Listing 101.03 and Listing 112.04; and (B) the ALJ erred in finding D.P.R. did not have an impairment that satisfied functional equivalence in the broad areas of development and functioning. ECF No. 10. In response, Defendant argues the ALJ properly determined D.P.R.'s impairments did not meet, medically equal, or functionally equal

the requirements of any of the Listings. ECF No. 11. The Court will evaluate both of Plaintiff's arguments.

### A. Listings 101.03 and 112.04

Plaintiff claims D.P.R.'s impairments meet the requirements of Listing 101.03 and Listing 112.04. ECF No. 10 at 1-15. First, Listing 101.03 applies if the following requirements are met:

> **101.03 Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint,** with inability to ambulate effectively, as defined in 101.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset.

Further, Listing 101.00B2b defines "inability to ambulate effectively" as being "[in]capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out age-appropriate activities."

Here, Plaintiff has demonstrated D.P.R. has some restrictions in his ability to walk due to his club foot and related problems. (Tr. 229-230, 257, 260). Plaintiff insists that these restrictions cause D.P.R. to be unable to "ambulate effectively." ECF No. 10 at 4-5. Specifically, Plaintiff claims that D.P.R. must use "crutches as an ambulatory device to assist him with walking." *Id.* Plaintiff argues that the fact that he uses crutches demonstrates that D.P.R. meets the requirements of Listing 101.03. *Id.* Despite this claim, D.P.R.'s medical records demonstrate that D.P.R. does not use his crutches at school and had not been prescribed those crutches. (Tr. 260). Thus, there has been no demonstration, based upon his medical records, that he needs those crutches to ambulate. Further, D.P.R.'s mother has reported that he "can run and play" but "does not quite keep up with the other kids." (Tr. 229). The fact that D.P.R. is not able to "quite keep up" with the other children does not establish that he is unable to ambulate effectively. Accordingly, the Court finds Plaintiff has not demonstrated D.P.R. meets the requirements of Listing 101.03.

Listing 112.04 applies to mood disorders which are "[c]haracterized by a disturbance of mood (referring to a prolonged emotion that colors the whole psychic life, generally involving either depression or elation), accompanied by a full or partial manic or depressive syndrome." Plaintiff claims in a cursory manner that D.P.R.'s impairments meet the requirements of Listing 112.04. ECF No. 10 at 5. Plaintiff has, however, not supplied any analysis of the relevant law or facts demonstrating that D.P.R.'s impairments meet the requirements of Listing 112.04. *Id.*

Plaintiff has the burden of demonstrating D.P.R.'s impairments meet the requirements of this Listing. *See McCoy v. Astrue,* 648 F.3d 605, 611-12 (8th Cir. 2011) (holding that "[t]o qualify for disability under a listing, a claimant carries the burden of establishing that his condition meets or equals all specified medical criteria") (citation omitted). Here, Plaintiff does not provide any analysis of the relevant law or facts demonstrating D.P.R. actually does meet the requirements of Listing 112.04. ECF No. 10. Accordingly, the Court finds Plaintiff has not demonstrated D.P.R. meets the requirements of this Listing, and the Court need not address this issue further. *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" appellant's conclusory assertion that ALJ failed to consider whether he met certain listings where appellant provided no analysis of relevant law or facts).

**B.  Functional Equivalence**

As noted above, to determine whether a child's impairments are functionally equivalent to a Listing, the SSA considers the following six domains of functioning: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for himself or herself, and (6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). Plaintiff claims D.P.R. has a marked limitation in the

first four domains of functioning. ECF No. 10 at 8-15. Plaintiff claims these marked limitations cause D.P.R. to be disabled. *Id.* Thus, the Court will address the four domains Plaintiff has raised: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; and (4) moving about and manipulating objects.

### 1.      Acquiring and Using Information

The ALJ determined D.P.R. has a less than marked limitation in this domain of functioning. (Tr. 15). Plaintiff disputes this finding and argues that the reports from D.P.R.'s teachers (Tr. 169, 185) as well as D.P.R.'s counseling records demonstrate he has "difficulties in school" such that he has at least a marked limitation in this domain. ECF No. 10 at 9-10.

In his decision, the ALJ considered the reports from D.P.R.'s teachers but still found D.P.R. has less than a marked limitation in this domain of functioning. (Tr. 14). Specifically, the ALJ noted the following:

> The claimant's teacher indicated moderate problems in acquiring and using information. His full scale IQ score was 84, and he was functioning in the average range. The claimant indicated a strong desire to be labeled as a special education student so that he would "not have to work too hard." It has been mentioned the claimant had struggled to keep up academically. However, in Boy Scouts, he held the record for completing the first badge the quickest because he worked very hard to earn his first badge.

(Tr. 15). Plaintiff has not disputed these findings. ECF No. 10 at 9-10. Considering the ALJ's reasoning, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 2.      Attending and Completing Tasks

The ALJ determined D.P.R. has a less than marked limitation in this domain of functioning. (Tr. 16). Plaintiff disputes this finding and argues that the reports from D.P.R.'s teachers (Tr. 170, 186) demonstrate he has at least a marked limitation in this domain of functioning. ECF No. 10 at

10-11.

In his decision, the ALJ considered the reports from D.P.R.'s teachers but still found D.P.R. had less than a marked limitation in this domain of functioning. (Tr. 16). Specifically, the ALJ noted the following:

> The claimant's teacher reported the claimant had problems with concentration, persistence, pace, organization, careless mistakes and distractions. On the mental status evaluation, it was noted he would be able to attend and sustain concentration on basic tasks, and sustain persistence in completing tasks; however, he was noted to have a slow work pace. His father testified he understood instructions, he "just doesn't do them."

(Tr. 16). Plaintiff does not dispute these findings. ECF No. 10 at 10-11. Considering the ALJ's reasoning, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 3. Interacting and Relating with Others

The ALJ determined D.P.R. has a less than marked limitation in this domain of functioning. (Tr. 16). Plaintiff disputes this finding and argues that the reports from D.P.R.'s teachers (Tr. 171) as well as his counseling records (Tr. 272, 349) demonstrate he has at least a marked limitation in this domain of functioning. ECF No. 10 at 111-12.

In his decision, the ALJ considered the evidence Plaintiff cited but still found D.P.R. has less than a marked limitation in this domain of functioning. (Tr. 16). Specifically, the ALJ noted the following:

> He reported being made fun of by other students because he was unable to participate in sports due to his foot. On the mental evaluation, it was determined the claimant was not limited in his capacity to communicate and interact in a socially adequate manner. He has friends; enjoys Boy Scouts but argues with his siblings.

(Tr. 16). Plaintiff does not dispute these findings. ECF No. 10 at 11-12. Instead, Plaintiff uses D.P.R.'s counseling records in an attempt to demonstrate D.P.R. has a marked impairment in this

domain of functioning. *Id.*

As noted above, a marked limitation is one that seriously interferes with a child's ability to independently initiate, sustain, or complete activities. *See* 20 C.F.R. § 416.926a(e). D.P.R.'s counseling records only demonstrate that he has anger issues related to his being bullied at school.[2] (Tr. 272, 349). Plaintiff has not demonstrated D.P.R.'s anger "seriously interferes" with his ability to deal with others. In fact, in the same report where D.P.R.'s parents reported his behavioral problems at school, they also reported D.P.R. does have friends at school, goes to church regularly, and "likes to play sports like football and basketball." (Tr. 351). Accordingly, considering the ALJ's reasoning and these facts, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue.

### 4.   Moving About and Manipulating Objects

The ALJ determined D.P.R. has a less than marked limitation in this domain of functioning. (Tr. 17). Plaintiff disputes this finding and argues that the reports from D.P.R.'s teachers (Tr. 172, 188) demonstrate he has at least a marked limitation in this domain of functioning. ECF No. 10 at 12-13.

In his decision, the ALJ considered this evidence but still found D.P.R. has less than a marked limitation in this domain of functioning. (Tr. 17). Specifically, the ALJ noted the following:

> He has a history of status post repair of left club foot but has complaint of intermittent pain. He was prescribed orthotics and shoes. He does not participate in sports but is in Boy Scouts.

(Tr. 17). Plaintiff does not dispute these findings. ECF No. 10 at 12-13. Considering the ALJ's

---

[2] These records also demonstrate D.P.R. had been involved in two fights that year. (Tr. 272, 349). D.P.R.'s mother, however, testified at the administrative hearing that the in-school fighting had improved. (Tr. 44). Thus, presumably, this problem has resolved itself.

10

reasoning and the other findings referenced above, the Court finds the ALJ's determination on this issue was properly supported by substantial evidence, and Plaintiff has provided no basis for reversal on this issue. Further, because Plaintiff has not demonstrated the ALJ erred when he found D.P.R. did not have a marked or extreme limitation in any of these domains of functioning, the Court finds Plaintiff has also not demonstrated D.P.R.'s impairments are functionally equivalent to the Listings.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff on behalf of D.P.R. is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of April 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE